IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:  3:92cr3132/TKW/MAL
                3:24cv363/TKW/MAL

JAMES HOWARD SAMUEL ELLARD, JR.

## REPORT AND RECOMMENDATION

This matter is before the court on Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and supporting memorandum of law. ECF No. 67. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Not only is the relief requested unavailable under § 2255, but Defendant's motion is also untimely.

BACKGROUND and DISCUSSION

In May of 1993, Defendant Ellard pleaded guilty to a single count of possession a firearm as a convicted felon in violation of 18 U.S.C. § 922(g), and he was sentenced to a term of 180 months' imprisonment and five years of supervised

release. ECF No. 23. He successfully pursued § 2255 relief in 2016 based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 60. His sentence was reduced to 120 months' imprisonment followed by three years of supervised release, which resulted in his release from prison on October 7, 2016. *Id.*; ECF No. 63. According to a February 7, 2020, letter from Defendant's U.S. Probation Officer, included as an attachment to his § 2255 motion, he was arrested on a state conditional release violation on December 16, 2016, resulting in the tolling of his federal supervision, which will resume upon his release from state custody.[1] ECF No. 67-2 at 57.

Defendant filed a motion to proceed in forma pauperis with this court in October of 2017 and a motion requesting free court documents in November of 2017. His motions were denied. ECF Nos. 62-65.

Almost seven years elapsed before the Court received Defendant's § 2255 motion, his second.[2] He purports to raise two claims, which somewhat overlap. In

---

[1] According to the Florida Department of Corrections' Corrections Offender Network, Defendant is currently serving a thirty-year sentence imposed on February 1, 1993 for "sex act coerce child by adult," his second such offense. His current release date is October 24, 2028. *See* https://pubapps.fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=0371 19&TypeSearch=AI

[2] A numerically second § 2255 motion, however, is not always "second or successive" under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Stewart v. United States*, 646 F.3d 856, 859–60 (11th Cir. 2011). The phrase "second or successive," as used in the AEDPA, is a term of art. *Slack v. McDaniel*, 529 U.S. 473, 486, 542 (2000). Where the basis for a

Ground One he states: "Violation Fourth Amendment freedom of liberty taken away." ECF No. 67 at 4. He claims federal authorities failed to inform him he was supposed to report to state authorities upon his release from federal prison, which resulted in his arrest by state authorities in December of 2016, and his imprisonment since that time. He claims that federal authorities need to get him released from state prison "due to their error and vacate post-supervision due to over seven years to date served due to their error." *Id.*

In Ground Two Defendant claims "failing to inform movant of state conditional release needs to vacate any post supervision, cause immediate release from state prison, reimburse for property lost." ECF No. 67 at 5. He asserts that federal authorities "need to take immediate jurisdiction of movant from state prison, vacate any and all post supervision and reimburse movant for all property lost . . . for such failure as it has cost over seven years in prison of his life for their negligence." *Id.*

A motion under 28 U.S.C. § 2255 is to be filed by a person "in custody under sentence of a [federal] court." 28 U.S.C. § 2255(a). "The 'in custody' requirement

---

numerically successive motion did not exist before proceedings on the initial § 2255 motion concluded, the claim falls within "a small subset of unavailable claims that must not be categorized as successive," such as claims based on a defect that did not arise or ripen until after the conclusion of the previous petition. *Stewart,* 646 F.3d at 863.

means that a movant must be in custody under the challenged conviction at the time that he files his motion." *Williams v. United States*, 785 F. App'x 710, 712 (11th Cir. 2019) (citing *Maleng v. Cook,* 490 U.S. 488, 490-91 (1989)). Although Defendant is not currently in federal custody, he has not completed his federal term of supervised release. *See Aguero v. United States,* 580 F. App'x 748, 748 n. 1 (11th Cir. 2014) (Defendant whose term of supervised release expired while his § 2255 motion was pending still meets § 2255's "in custody" requirement); *United States v. Brown*, 117 F.3d 471, 475 (11th Cir.1997) (concluding that a § 2255 movant, who was serving his term of supervised release at the time of filing, was "in custody" within the meaning of § 2255). The undersigned will assume for sake of argument that Defendant meets the "in custody" requirement, so the Court has jurisdiction to consider the motion.

Even if Defendant is "in custody," the claims he raises are not appropriate for a § 2255 proceeding. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). Defendant's "injury" is not something the sentencing court did or did not do, or the result of an alleged violation of his rights during the judicial proceedings. Rather, it was the BOP's

alleged failure to warn or remind him of the requirement that he report to state authorities upon his release that, Defendant claims, led to his imprisonment and loss of property. A § 2255 proceeding is not the proper vehicle for seeking release from state custody or reimbursement for lost property.

Finally, even if he had stated a viable claim, the motion is untimely. Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant's claims are based on matters that happened at or near his release from the Federal Bureau of Prisons, which happened on October 7, 2016. ECF No. 63.

Defendant clearly recognizes the facial untimeliness of his motion. In response to the question on the form about timeliness, Defendant states: "unable to acquire proper forms and assistance and paperwork of federal release packet,

paperwork state gave U.S. Marshal nothing to Plaintiff." ECF No. 67 at 11. Even if Defendant were able to state a viable § 2255 claim, unless he establishes his entitlement to equitable tolling, his motion is time barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012). There is nothing in the instant motion to suggest that Defendant would be entitled to invoke the doctrine of equitable tolling.

Finally, the Court notes that while it is true that a credible claim of actual innocence can supersede the statute of limitations, *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013), this doctrine is inapplicable to Defendant's motion.

In conclusion, Defendant's motion should be summarily dismissed because the issues raised therein are inappropriate for a § 2255 motion and the motion is untimely.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence, ECF No. 67, be summarily **DENIED**, or alternatively **DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

At Gainesville, Florida on August 21, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

# NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.